[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on November 12, 1965 at Brewster, New York. All jurisdictional requirements have been met.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The Court has considered all statutory criteria contained in Connecticut General Statutes Sections 46b-81 and 46b-82 and enters the following orders:
1. The plaintiff's maiden name of Eagan is restored.
2. All right, title and interest in the property located at 140 Braeside Drive, Hamden is awarded to the plaintiff. Except as outlined herein she shall be responsible for the mortgage, equity line, taxes and all costs associated with the home, and indemnify and hold the defendant harmless thereon. The defendant shall have exclusive use and occupancy of the CT Page 3935 premises until September 1, 1991. He shall be responsible for monthly mortgage, equity line, taxes, insurance and utility payments on the property until that date. He shall indemnify and hold harmless the plaintiff as to these costs. The plaintiff shall have exclusive use and occupancy commencing September 1, 1991.
3. The plaintiff shall have the right to market the home immediately, but shall not contract for occupancy before September 1, 1991, without the written agreement of the defendant. The defendant shall cooperate in marketing the home and shall allow showing the home for sale upon twenty-four hours notice.
4. The plaintiff is awarded all right, title and interest to the property located at 125 East Gate, Hamden. She shall be responsible for all costs associated with the property and shall indemnify and hold the defendant harmless thereon. The defendant shall transfer forthwith, any security deposits, together with interest to date thereon to the plaintiff forthwith.
5. The plaintiff is awarded $25,000.00 of the defendant's IRA and the same shall be transferred forthwith.
6. The defendant is awarded all interest in the remaining Connecticut properties and shall be responsible for all costs associated therewith and shall indemnify and hold harmless the plaintiff thereon.
7. The parties shall retain joint ownership of the Maine properties. The defendant shall be responsible for the management thereof. The parties shall cooperate in the immediate sale or disposal of these properties. The Court makes no order regarding the mortgage liabilities on these properties. Should the properties be foreclosed or taken over by the mortgagees, the parties shall be equally responsible for any deficiencies. Any capital losses arising from the ownership of these properties shall be divided two-thirds to the defendant and one-third to the plaintiff.
8. The plaintiff is awarded the following items from the marital home: Kitchen — oak cabinet and glasses; Dining Room — dishes, tea service, silverware; Living Room — all requested items; Downstairs Bath — hand painted mirror and small mahogany stand; Large Den — credenza, its contents, glassware; Foyer — two chairs, table clock.
Elaine Gordon, Judge CT Page 3936